FILED

COPY

2009 OCT 14  PM 2:46

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

1  J. Andrew Coombs (SBN 123881)
   andy@coombspc.com
2  Nicole Drey (SBN 250235)
   nicole@coombspc.com
3  J. Andrew Coombs, A Prof. Corp.
   517 East Wilson Ave., Suite 202
4  Glendale, California 91206
   Telephone:  (818) 500-3200
5  Facsimile:  (818) 500-3201

6  Attorneys for Plaintiffs Sanrio, Inc.,
   and Warner Bros. Entertainment Inc.
7

8          UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10

11  Sanrio, Inc. and Warner Bros.          )  Case No. CV09  07448 DDP (AGRx)
    Entertainment Inc.,                    )
12                                         )  COMPLAINT FOR COPYRIGHT
                   Plaintiffs,             )  INFRINGEMENT; TRADEMARK
13                                         )  INFRINGEMENT; UNFAIR
         v.                                )  COMPETITION; TRADEMARK
14                                         )  DILUTION; DECLARATORY
                                           )  RELIEF
15  Photallica Inc. d/b/a Photallica a/k/a )
    Photoallica a/k/a Photallica 2 a/k/a   )  DEMAND FOR A JURY TRIAL
16  Photallica II a/k/a Dhocallica;        )
    Mohammed Sulfi a/k/a Mohammed Zulfi    )
17  a/k/a Mohammad Zulfi a/k/a Faisal      )
    Mohammed Zulfi a/k/a Faisal Zulfi;     )
18  Mohammed Yusoof a/k/a Mohammed         )
    Yosoof a/k/a Mohammad Yusoof a/k/a     )
19  Muhammed Yusoof a/k/a Salim Yusoof     )
    a/k/a Salim Yusoof a/k/a Yousuf Salim, )
20  and Does 1 – 10, inclusive,            )
                                           )
21                 Defendants.             )

22

23       Plaintiffs Sanrio, Inc. ("Sanrio") and Warner Bros. Entertainment Inc.

24  ("Warner Bros.") (collectively "Plaintiffs") for their Complaint allege as follows:

25          **Allegations Common to All Claims for Relief**

26  **A.  Jurisdiction and Venue**

27       1.   The claims for trademark infringement, unfair competition and

28  trademark dilution under the Lanham Trademark Act, as amended, 15 U.S.C., § 1051

*et seq.*, allege the unauthorized use in interstate commerce of famous and distinctive marks, false designations of origin and trademark dilution. The Court has jurisdiction over the subject matter of these claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and § 1338. The cause of action for copyright infringement arises pursuant to 17 U.S.C. § 101, *et seq.* The Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331 and § 1338(a).   The remaining causes of action for unfair competition and trademark dilution under California state law. The Court has jurisdiction over these substantial and related claims pursuant to 28 U.S.C. § 1338 (b) and § 1367.

2.     Venue in the Central District of California is proper pursuant to 28 U.S.C. § 1391(b), § 1392 and § 1400(a).

**B.     Introduction**

3.     This case concerns the concerted, systematic and wholesale theft of various world-famous intellectual properties owned by Plaintiffs. Defendants are engaged in the manufacture, importation, distribution, promotion, sale and offer for sale of necklaces, dog tags, key chains and other personal accessories, which incorporate unauthorized likenesses of animated or live action characters owned by Plaintiffs, including, but not necessarily limited to, Hello Kitty and Tweety Bird (collectively "Infringing Product").

**C.     Plaintiff Sanrio**

4.     Sanrio is a corporation, duly organized and existing under the laws of California, having its principal place of business in South San Francisco. Plaintiff Sanrio is and, at all relevant times, has been, the exclusive U.S. licensee of Sanrio Company, Ltd., a Japan corporation ("Sanrio Co."). Plaintiff Sanrio is a wholly-owned subsidiary of Sanrio Co.

5.     For more than forty years, Sanrio Co. has been engaged in the business of manufacturing, distributing and selling a wide range of products including, without limitation, character artwork created, developed and designed by Sanrio Co.

for use by children and young adults.  Certain of the characters and designs have achieved such global fame and popularity that Sanrio Co. has produced and distributed television programming for children based on the character artwork.  One such television program is the animated television series entitled *Hello Kitty*.

6.     A significant source of revenue for Sanrio Co. is the merchandising and licensing of distinctive elements bearing character artwork, including Hello Kitty, Bad Badtz Maru, Chococat, KeroKeroKeroppi, Landy, Little Twin Stars, Monkichi, My Melody, Patty and Jimmy, Pekkle, Picke Bicke, Pochacco, Tuxedo Sam, Winkipinki and Zashikbuta (hereinafter individually and collectively referred to as the "Sanrio Co. Characters").

7.     The revenue from products using the Sanrio Co. Characters sold in the United States is substantial.  The appearance and other features of the Sanrio Co. Characters are inherently distinctive and serve to identify Sanrio as the source of products bearing the Sanrio Co. Characters.  The design, configuration and distinctive features of the Sanrio Co. Characters and other Sanrio Co. copyrighted works, and of works related thereto (hereinafter individually and collectively referred to as "Sanrio Co.'s Copyrighted Designs") are wholly original with Sanrio Co. and, as fixed in various tangible media, including, without limitation, merchandise, are copyrightable subject matter under the United States Copyright Act, 17 U.S.C., §§ 101 *et seq.*  Sanrio Co. is the owner of Sanrio Co.'s Copyrighted Designs and, as featured on and in connection with various merchandise, these designs constitute copyrightable subject matter under the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*

8.     Sanrio Co. has complied in all respects with the laws governing copyright and has secured the exclusive rights and privileges in and to the copyrights to Sanrio Co.'s Copyrighted Designs, and Sanrio Co. owns one or more certificates of registration for works in which each of Sanrio Co.'s Copyrighted Designs appear.

A representative list of copyright registrations for Sanrio Co.'s Copyrighted Designs is attached hereto as Exhibit A.

9.     Products featuring Sanrio Co.'s Copyrighted Designs manufactured, sold and distributed by Sanrio Co. or under its authority have been manufactured, sold and distributed in conformity with the provisions of the copyright laws.  Sanrio Co. and those acting under its authority have complied with their obligations under the copyright laws and Sanrio Co. has at all times been and still is the sole proprietor or otherwise authorized to enforce all right, title and interest in and to the copyrights in each of Sanrio Co.'s Copyrighted Designs.

10.     Sanrio Co. owns all right, title and interest in and to and holds exclusive right to develop, manufacture, market and sell products bearing the trademarks, trade names, service marks, artwork, characters and other distinctive elements for and incorporating the Sanrio Co. Characters in the United States.

11.     Sanrio Co. is the owner of world famous registered marks which serve to distinguish Sanrio Co. products.  Some of those trademarks have been used continuously for over twenty-five years.  Each year, Sanrio Co. spends millions of dollars to develop and maintain the considerable good will it enjoys in its trademarks and in its reputation for high quality.  A representative list of trademark registrations for the Sanrio Co. Characters is attached hereto as Exhibit B (collectively "Sanrio Co.'s Trademarks").

12.     Sanrio Co.'s Trademarks are all valid, extant and in full force and effect.  Sanrio Co.'s Trademarks are all exclusively owned by Sanrio Co.  Sanrio Co. has continuously used each of Sanrio Co.'s Trademarks from the registration date, or earlier, until the present and at all times relevant to the claims alleged in this Complaint.

13.     As a result of advertising and sales, together with longstanding consumer acceptance, Sanrio Co.'s Trademarks identify Sanrio Co.'s products and authorized sales of these products.  Sanrio Co.'s Trademarks have each acquired

secondary meaning in the minds of consumers throughout the United States and the world.  The Sanrio Co. Characters, Sanrio Co.'s Copyrighted Designs and Sanrio Co.'s Trademarks are collectively referred to herein as "Sanrio Co.'s Properties."

**D.    Plaintiff Warner Bros.**

14.    Warner Bros. is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business in Burbank, California.  Warner Bros., or one of its wholly-owned subsidiaries, is engaged in a variety of businesses including, without limitation, the production, distribution and broadcast of filmed entertainment, including motion pictures and television programming.

15.    A significant aspect of Warner Bros.' business is the merchandising and licensing of distinctive trademarks and copyrights associated with its media product, specifically including the *Looney Tunes* animated shorts.  The distinctive trademarks and copyrights licensed and/or merchandised by Warner Bros. include, but are not limited to, the world-famous characters featured in such programming and films, specifically including the character Tweety Bird (hereinafter individually and collectively referred to as the "Warner Bros. Characters").

16.    The revenue from products sold in the United States which use the Warner Bros. Characters is substantial.  The appearance and other features of the Warner Bros. Characters are inherently distinctive and serve to identify Warner Bros. and its licensees as the source of products bearing the Warner Bros. Characters.  The design, configuration and distinctive features of the Warner Bros. Characters and other Warner Bros. copyrighted works, and of works related thereto (hereinafter individually and collectively referred to as "Warner Bros.' Copyrighted Designs") are wholly original with Warner Bros. and, as fixed in various tangible media, including merchandise, are copyrightable subject matter under the United States Copyright Act, 17 U.S.C., §§ 101, et seq.  Warner Bros. is the owner of Warner Bros.' Copyrighted Designs and, as featured on in connection with various

merchandise, constitute copyrightable subject matter under the Copyright Act of 1976, 17 U.S.C. §§ 101, et seq.

17.   Warner Bros. has complied in all respects with the laws governing copyright and has secured the exclusive rights and privileges in and to the copyrights to Warner Bros.' Copyrighted Designs, and Warner Bros. owns one or more certificates of registration for works in which each of Warner Bros.' Copyrighted Designs appear.  A representative list of copyright registrations for Warner Bros.' Copyrighted Designs is attached hereto as Exhibit C.

18.   Warner Bros. and those acting under its authority have complied with their obligations under the copyright laws, and Warner Bros. has at all times been and still is the sole proprietor or otherwise authorized to enforce all right, title and interest in and to the copyrights in each of Warner Bros.' Copyrighted Designs.

19.   Warner Bros. is the owner of world famous registered marks which serve to distinguish Warner Bros. products.  Each year Warner Bros. spends millions of dollars to develop and maintain the considerable goodwill it enjoys in its trademarks and in its reputation for high quality.  A representative list of trademark registrations for the Warner Bros. Characters is attached hereto as Exhibit D (collectively the "Warner Bros. Trademarks").

20.   The Warner Bros. Trademarks are all valid, extant and in full force and effect.  Warner Bros. Trademarks are all exclusively owned by Warner Bros. Warner Bros. has continuously used each of the Warner Bros. Trademarks from the registration date, or earlier, until the present and at all times relevant to the claims alleged in this Complaint.

21.   As a result of advertising and sales, together with longstanding consumer acceptance, the Warner Bros. Trademarks identify Warner Bros.' products and authorized sales of these products.  The Warner Bros. Trademarks have each acquired secondary meaning in the minds of consumers throughout the United States

and the world. The Warner Bros. Characters, Copyrighted Designs and Trademarks are collectively referred to herein as the "Warner Bros. Properties."

22. Sanrio Co.'s Copyrighted Designs and Warner Bros.' Copyrighted Designs are collectively referred to herein as "Plaintiffs' Copyrighted Designs." Sanrio Co.'s Trademarks and Warner Bros. Trademarks are collectively referred to herein as "Plaintiffs' Trademarks." Plaintiffs' Copyrighted Designs and Plaintiffs' Trademarks are collectively referred to herein as "Plaintiffs' Properties."

**E.    Defendants**

23. Plaintiffs are informed and believe, and upon that basis allege, that Defendant Photallica Inc. d/b/a Photallica a/k/a Photoallica a/k/a Photallica 2 a/k/a Photallica II a/k/a Dhocallica ("Photallica") is incorporated in the State of Arizona and qualified to do business in the State of California. Photallica is subject to the jurisdiction of this Court and is manufacturing, promoting, distributing, advertising and selling merchandise which infringes Plaintiffs' Properties within this judicial district. Plaintiffs are further informed and believe that Photallica operates at least ten shops located at:

500 Lakewood Center Mall, Lakewood, California 90714;

10250 Santa Monica Boulevard, Los Angeles, California 90067;

20700 Avalon Boulevard, Carson, California 90706;

3030 Plaza Bonita, National City, California 91950;

324 Horton Plaza, San Diego, California 92101;

14400 Bear Valley Road, Victorville, California 92392;

9019 Los Cerritos Mall, Cerritos, California 90703;

5000 South Arizona Mills Circle, Tempe, Arizona 8528;

1445 West Southern Avenue, #206, Mesa, Arizona 85202; and

542 North Yucca Circle, Mesa, Arizona 85201.

24. Defendant Mohammed Sulfi a/k/a Mohammed Zulfi a/k/a Mohammad Zulfi a/k/a Faisal Mohammed Zulfi a/k/a Faisal Zulfi ("Sulfi") is an individual

allege, that Sulfi is actively engaged in the operation, management and control of Defendant Photallica.

25.     Defendant Mohammed Yusoof a/k/a Mohammed Yosoof a/k/a Mohammad Yusoof a/k/a Muhammed Yusoof a/k/a Salim Yosoof a/k/a Salim Yusoof a/k/a Yousuf Salim ("Yusoof") is an individual residing in Mesa, Arizona. Plaintiffs are informed and believe, and upon that basis allege, that Yusoof is actively engaged in the operation, management and control of Defendant Photallica.

26.     Upon information and belief, Does 1 – 10 are either entities or individuals who are residents of or present in this judicial district, and are subject to the jurisdiction of this Court. Upon information and belief, Does 1 – 10 are principals or supervisory employees of the named defendants, suppliers of the named defendants or other entities or individuals who are manufacturing, distributing, selling and/or offering for sale merchandise in this judicial district which infringes some or all of Plaintiffs' Properties. The identities of the various Does are unknown to Plaintiffs at this time. The Complaint will be amended to include the names of such individuals when identified. The named defendants and Does 1 – 10 are collectively referred to herein as "Defendants."

**F.**     **Defendants' Infringing Activities**

27.     Upon information and belief, long after Plaintiffs' adoption and use of Plaintiffs' Properties on a diverse range of goods, and after Plaintiffs obtained the copyright and trademark registrations alleged above, Defendants adopted and used substantially identical likenesses of Plaintiffs' Properties on Infringing Product, without Plaintiffs' consent, by manufacturing, importing, advertising, displaying, distributing, selling and/or offering to sell the Infringing Product. Defendants have caused the Infringing Product to enter into commerce and to be transported or used in commerce. Defendants are not licensed by Plaintiffs and at all relevant times were not authorized by Plaintiffs, or each of them, or any authorized agent of Plaintiffs to manufacture, import, distribute, sell and/or offer for sale the Infringing Product.

Defendants are currently engaged in such uses and, unless enjoined by this Court, will continue such unauthorized uses.

28.     By engaging in this conduct, Defendants have acted in willful disregard of laws protecting Plaintiffs' goodwill and related proprietary rights and have confused and deceived, or threaten to confuse and deceive, the consuming public concerning the source and sponsorship of the products. By their wrongful conduct, Defendants have traded upon and diminished the Plaintiffs' goodwill.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement)

29.     Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 28, inclusive, as though set forth herein in full.

30.     Plaintiffs are informed and believe, and upon that basis allege, that the Defendants have each obtained gains, profits and advantages as a result of their infringing acts in amounts within the jurisdiction of the Court.

31.     Plaintiffs are informed and believe, and upon that basis allege, that they have suffered and continue to suffer direct and actual damages as result of Defendants' infringing conduct as alleged herein, in amounts within the jurisdiction of this Court. In order to determine the full extent of such damages, including such profits as may be recoverable under 17 U.S.C. § 504, Plaintiffs will require an accounting from each Defendant of all monies generated from the manufacture, importation, distribution and/or sale of the Infringing Product as alleged herein. In the alternative, Plaintiffs may elect to recover for each of their respective copyrighted works infringed, statutory damages pursuant to 17 U.S.C. § 504(c).

32.     Plaintiffs have no other adequate remedy at law and have suffered and continue to suffer irreparable harm and damage as a result of the above-described acts. Plaintiffs are informed and believe, and upon that basis allege, that, unless enjoined by the Court, the unlawful infringement by Defendants of Plaintiffs' Properties will continue with irreparable harm and damage to Plaintiffs, and each of

them.  Accordingly, Plaintiffs seek and request permanent injunctive relief pursuant to 17 U.S.C § 502.

33.    By reason of the foregoing, Plaintiffs have incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of their claims herein, which attorneys' fees and costs Plaintiffs are entitled to recover from the Defendants, and each of them, pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
### (For Trademark Infringement)

34.    Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 33, inclusive, as though set forth herein in full.

35.    Defendants' manufacture, importation, advertisement, display, promotion, marketing, distribution, sale and/or offer for sale of the Infringing Product is likely to cause confusion or to cause mistake or to deceive the relevant public and trade regarding the affiliation, sponsorship, endorsement or approval of the Infringing Product by Plaintiffs, or each of them.  Such confusion, mistake and deception is aggravated by the confusing similarity between Plaintiffs' Properties and the use of substantially identical likenesses on the Infringing Product in the same type of goods made, imported and sold by or under authority of Plaintiffs, and each of them.

36.    Plaintiffs are informed and believe and, upon that basis allege, that Defendants, and each of them, acted with knowledge of the federally registered trademarks alleged herein and of the valuable goodwill Plaintiffs enjoy in connection therewith, with intent to confuse, mislead and deceive the public into believing that the Infringing Product was made, imported and sold by Plaintiffs, or each of them, or are in some other manner, approved or endorsed by Plaintiffs, or each of them.

37.    Plaintiffs have suffered and continue to suffer irreparable harm and damage as a result of Defendants' acts of trademark infringement in amounts thus far not determined but within the jurisdiction of this Court, which amounts should each

be trebled pursuant to 15 U.S.C. § 1117.  In order to determine the full extent of such damages, including such profits as may be recoverable under 15 U.S.C. § 1117, Plaintiffs will require an accounting from each Defendant of all monies generated from the manufacture, importation, distribution and/or sale of the Infringing Product as alleged herein.  In the alternative, Plaintiffs may elect to recover statutory damages pursuant to 15 U.S.C. § 1117(c).

38.    Plaintiffs have no other adequate remedy at law and have suffered and continue to suffer irreparable harm and damage as a result of the above-described acts of infringement.  Plaintiffs are informed and believe, and upon that basis allege, that, unless enjoined by the Court, the unlawful infringement will continue with irreparable harm and damage to Plaintiffs, and each of them.  Accordingly, Plaintiffs seek and request preliminary and permanent injunctive relief pursuant to 15 U.S.C § 1116.

39.    By reason of the foregoing, Plaintiffs have incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of their claims herein, which attorneys' fees and costs Plaintiffs are entitled to recover from Defendants, and each of them, pursuant to 15 U.S.C. § 1117(c).

## THIRD CLAIM FOR RELIEF

### (For Unfair Competition)

40.    Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 39, inclusive, as though set forth herein in full.

41.    Plaintiffs own all rights, title and interest in and to the trademarks, trade names, service marks, artwork, characters and other distinctive elements for and incorporating Plaintiffs' Properties.

42.    Plaintiffs' Properties have each acquired a secondary and distinctive meaning among the public, which has come to identify Plaintiffs, and each of them, through various media, including films, books, television, theme parks, magazines and other sources, and through the distribution and sale of authorized merchandise,

and the distinctive features of each of, as designating products associated with Plaintiffs. As a result of the extensive advertising, media exposure, sales and public recognition of Plaintiffs' Properties, combined with the positive experiences of the public in its relationship with Plaintiffs, and each of them, Plaintiffs' Properties are each symbolic of Plaintiffs, and each of them, and representative of the image which the public has of Plaintiffs, and each of them.

43.     Plaintiffs are informed and believe, and upon that basis allege, that Defendants, and each of them, have, without permission, authority or license from Plaintiffs, and each of them, or its licensees, affixed, applied and/or used in connection with the manufacture, importation, advertisement, display, promotion, marketing, distribution, sale and/or offer for sale, false descriptions and representations including words or other symbols which tend falsely to describe or represent such goods as Plaintiffs and/or affiliated with Plaintiffs, and each of them, and have caused the entry of such goods into interstate commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Plaintiffs. Defendants, and each of them, by misappropriating and using one or more of Plaintiffs' Properties, have misrepresented and falsely described to the general public the origin, source, association, affiliation or sponsorship of their goods so as to create the likelihood of confusion by the ultimate purchaser as to both the source and sponsorship of said goods.

44.     Plaintiffs are informed and believe, and upon that basis allege, that the Infringing Product being manufactured, imported, advertised, marketed, displayed, distributed, sold and/or offered for sale by Defendants, and each of them, are of inferior quality and that the sale and/or offer for sale thereof will be damaging to and dilute the goodwill and reputation of Plaintiffs, and each of them.

45.     Defendants' acts and conduct, as alleged herein, including, without limitation, the Defendants' duplication and imitation of Plaintiffs' Properties, are

Sanrio, et al. v. Photallica, et al.: Complaint                - 12 -

business practices likely to deceive or confuse the purchasing public and trade upon Plaintiffs' reputations, both as to the source, origin, sponsorship and approval of the goods provided and as to the affiliation, connection or association of Defendants, and each of them, with Plaintiffs and constitute acts of unfair competition, false designation of origin and false representation of affiliation, all in violation of 15 U.S.C. § 1125(a). Plaintiffs are informed and believe, and upon that basis allege, that each of Defendants' respective acts of reputation appropriation and unfair competition was willful.

46.    Plaintiffs have no adequate remedy at law and have each suffered and continue to suffer irreparable harm and damage as a result of Defendants' respective acts of unfair competition in amounts thus far not determined but within the jurisdiction of this Court, which amounts should each be trebled pursuant to 15 U.S.C. § 1117.

47.    Plaintiffs are informed and believe, and upon that basis allege, that unless enjoined by the Court the confusion and deception alleged above and the likelihood thereof will continue with irreparable harm and damage to Plaintiffs, and each of them. Accordingly, Plaintiffs seek and request preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

48.    Plaintiffs are informed and believe, and upon that basis allege, that Defendants have each obtained gains, profits and advantages as a result of their wrongful acts of unfair competition in amounts not thus far determined but within the jurisdiction of this Court, which amounts should each be trebled, pursuant to 15 U.S.C. § 1117.

49.    In order to determine the full extent of such damages, including such profits as may be recoverable, Plaintiffs require an accounting from each Defendant of all monies generated from the manufacture, importation, distribution and/or sale of the Infringing Product.

50.   By reason of the foregoing, Plaintiffs have incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of their claims herein, which attorneys' fees and costs Plaintiffs are entitled to recover from the Defendants, and each of them, pursuant to 15 U.S.C. § 1117.

## FOURTH CLAIM FOR RELIEF

### (For Trademark Dilution)

51.   Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 50, inclusive, as though set forth in full herein.

52.   The extensive advertising, media exposure, sales and public recognition of Plaintiffs' Properties, combined with the positive experiences of the public in its relationship with Plaintiffs, and each of them, have made Plaintiffs' Properties each famous and distinctive marks that are symbolic of Plaintiffs, and each of them, and representative of the image the public has of Plaintiffs, and each of them.

53.   Plaintiffs' Properties are extraordinarily famous and well known throughout the United States and elsewhere, having been used extensively by Plaintiffs, and each of them.  By reason of Plaintiffs' extensive use of Plaintiffs' Properties, each has become highly distinctive of Plaintiffs' goods and services and is uniquely and exclusively associated with Plaintiffs, and each of them.  Plaintiffs' Properties are famous marks within the purview of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

54.   Defendants' acts and conduct, as alleged herein, including Defendants' use of Plaintiffs' Trademarks on and in connection with the manufacture, importation, advertisement, display, distribution, sale and/or offer for sale of the Infringing Product are commercial business practices which trade on Plaintiffs' reputations and cause dilution of one or more of each of the famous, distinctive and pre-existing Trademarks, by lessening the capacity of these marks to exclusively identify and to distinguish Plaintiffs, and each of them, and their goods and services, and constitute dilution, all in violation of Section 43(c) of the Lanham Act, 15 U.S.C.

§ 1125(c). Plaintiffs are informed and believe, and upon that basis allege, that each of Defendants' acts of trademark dilution and reputational appropriation was willful and that each Defendant willfully intended to reap the benefit of Plaintiffs' goodwill, trade upon Plaintiffs' reputations and/or dilute the distinctiveness of one or more of Plaintiffs' famous and distinctive trademarks.

55.   Plaintiffs are informed and believe, and upon that basis allege, that unless enjoined by the Court, Defendants' unlawful and unauthorized acts in violation of Section 43(c) of the Lanham Act will continue to case dilution of one or more of Plaintiffs' Properties with the corresponding irreparable harm and damage to Plaintiffs, and each of them.  Accordingly, Plaintiffs seek preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

56.   Plaintiffs have no adequate remedy at law and have suffered and continue to suffer irreparable harm and damage as a result of Defendants' acts of trademark dilution in amounts thus far not determined, but within the jurisdiction of this Court, which amounts should be trebled pursuant to 15 U.S.C. § 1116.

57.   Plaintiffs are informed and believe, and upon that basis allege, that Defendants have each obtained gains, profits and advantages as a result of their wrongful acts of trademark dilution in amounts thus far not determined but within the jurisdiction of this Court, which amounts should be trebled pursuant to 15 U.S.C. § 1117.

58.   In order to determine the full extent of such damages, including such profits as may be recoverable, Plaintiffs will require an accounting from each Defendant of all monies generated from the manufacture, importation, distribution and/or sale of the diluting items alleged herein.

59.   By reason of the foregoing, Plaintiffs have incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of their claims herein, which attorneys' fees and costs Plaintiffs are entitled to recover from Defendants, and each of them, pursuant to 15 U.S.C. § 1117.

## FIFTH CLAIM FOR RELIEF

### (For State Law Unfair Competition)

60.     Plaintiffs repeat and reallege all the allegations contained in paragraphs 1 though 59, inclusive, as though set forth herein in full.

61.     As alleged above, each of Plaintiffs' Properties has acquired secondary meaning indicative of origin, relationship, sponsorship and/or association with Plaintiffs, and each of them.  The purchasing public is likely to attribute to Plaintiffs, and each of them, the use by Defendants and/or their customers, of one or more of Plaintiffs' Properties, as a source of origin, authorization and/or sponsorship for Defendants and/or their customers' goods and therefore to purchase such goods based upon that erroneous belief.

62.     Plaintiffs are informed and believe, and upon that basis allege, that Defendants, and each of them, have intentionally appropriated one or more of Plaintiffs' Properties with the intent of causing confusion, mistake and deception as to the source of their and/or their third party wholesale customers' goods and with the intent to palm off such goods as those of Plaintiffs, and each of them, and, as such, Defendants have each committed trademark infringement, misleading advertising and unfair competition, all in violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, *et seq.*

63.     Plaintiffs have no adequate remedy at law and have suffered and continue to suffer irreparable harm and damage as a result of each of Defendants' acts in an amount thus far not determined but within the jurisdiction of this Court.

64.     Plaintiffs are informed and believe, and upon that basis allege, that unless enjoined by the Court, the confusion and deception alleged herein and the likelihood thereof will continue with irreparable harm and damage to Plaintiffs, and each of them.

65.     Plaintiffs are informed and believe, and upon that basis allege, that Defendants have each unlawfully and wrongfully derived and will continue to derive

income, gains, profits and advantages as a result of their wrongful acts of unfair competition, in amounts thus far not determined but within the jurisdiction of this Court. Plaintiffs are informed and believe, and upon that basis allege, that they have lost and will continue to lose profits and goodwill as a result of Defendants' conduct.

66.    By reason of the foregoing acts of unfair competition, Plaintiffs are entitled to restitution from each Defendant of all income, gains, profits and advantages resulting from their wrongful conduct in amounts to be determined according to proof at trial.

67.    In order to determine the full extent of such damages, including such profits as may be recoverable, Plaintiffs will require an accounting from each Defendant of all monies generated from the manufacture, importation, distribution and/or sale of the Infringing Product.

68.    Plaintiffs are informed and believe, and upon that basis allege, that Defendants, and each of them, committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively, with intent to injure Plaintiffs in their business and with conscious disregard for Plaintiffs' rights, thereby justifying awards of punitive and exemplary damages against each Defendant in amounts sufficient to punish each Defendant and to set an example for others.

## SIXTH CLAIM FOR RELIEF

### (State Law Trademark Dilution)

69.    Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 68, inclusive, as though set forth herein in full.

70.    Plaintiffs have used Plaintiffs' Properties to identify themselves, and each of them, and their goods and services. Defendants' use of Plaintiffs' Properties to identify themselves and their products has diluted and will continue to dilute the distinctive quality of Plaintiffs' Properties in violation of § 14245, *et seq.* of the California Business and Professions Code.

71.     Defendants' acts as alleged herein have damaged and will continue to irreparably damage Plaintiffs.  Plaintiffs have no adequate remedy at law for such wrongs and injuries.  The damage to Plaintiffs includes harm to its goodwill and reputation that money cannot adequately compensate.  Plaintiffs therefore are entitled to a preliminary and permanent injunction enjoining Defendants' commercial use of Plaintiffs' Properties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand:

A.     That Defendants, their agents, servants, employees, representatives, successor and assigns, and all persons, firms, corporations or other entities in active concert or participation with any of said Defendants, be immediately and permanently enjoined from:

1.     Directly or indirectly infringing Plaintiffs' Properties in any manner, including generally, but not limited to, manufacture, importation, distribution, advertising, selling and/or offering for sale any merchandise which infringes the said Plaintiffs' Properties, and, specifically:

2.     Importing, manufacturing, distributing, advertising, selling and/or offering for sale the Infringing Product or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a confusing and/or substantial similarity to any of Plaintiffs' Properties;

3.     Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing and/or substantial similarity to any of Plaintiffs' Properties;

4.     Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe the actions of Defendants, the

products sold by Defendants, or Defendants themselves are connected with Plaintiffs, are sponsored, approved or licensed by Plaintiffs or are in some way affiliated with Plaintiffs;

    5.    Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiffs;

    6.    Otherwise competing unfairly with Plaintiffs in any manner;

    7.    Destroying or otherwise disposing of

    a.    Merchandise falsely bearing Plaintiffs' Properties;

    b.    Any other products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of Plaintiffs' Properties;

    c.    Any labels, packages, wrappers, containers or any other unauthorized promotion or advertising material item which reproduces, copies, counterfeits, imitates or bears any of Plaintiffs' Properties;

    d.    Any molds, screens, patterns, plates, negatives or other elements used for making or manufacturing products bearing Plaintiffs' Properties;

    e.    Any sales and supply or customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogs and all other business records, believed to concern the manufacture, purchase, advertising, sale or offering for sale of the Infringing Product;

B.    That Plaintiffs, and each of them, and their designees are authorized to seize the following items which are in Defendants' possession, custody or control:

1.     All unauthorized products bearing Plaintiffs' Properties, or likenesses thereof;

2.     Any other unauthorized products which reproduce, copy, counterfeit, imitate or bear any of Plaintiffs' Properties or which picture, reproduce, copy or use the likeness of or bear a substantial similarity to Plaintiffs' Properties;

3.     Any labels, packages, wrappers, containers and any other unauthorized promotional or advertising material which reproduce, copy, counterfeit, imitate or bear any of Plaintiffs' Properties or which picture, reproduce, copy or use the likeness of or bear a substantial similarity to Plaintiffs' Properties;

4.     Any molds, screens, patterns, plates, negatives, machinery or equipment used for making or manufacturing the Infringing Product or unauthorized items which bear Plaintiffs' Properties or which bear a substantial similarity to any of Plaintiffs' Properties.

C.     That those Defendants infringing upon Plaintiffs' Properties be required to pay actual damages increased to the maximum extent permitted by law and/or statutory damages at Plaintiffs' election;

D.     That actual damages be trebled pursuant to 15 U.S.C. § 1117;

E.     That Defendants account for and pay over to Plaintiffs all damages sustained by Plaintiffs, and each of them, and profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and that those profits be increased as provided by law;

F.     That Plaintiffs recover from Defendants their costs of this action and reasonable attorneys' fees; and

/ / /

/ / /

G.     That Plaintiffs have all other and further relief as the Court may deem just and proper under the circumstances.

Dated:  October 9, 2009

J. Andrew Coombs, A Professional Corp.

By:     J. Andrew Coombs
        Nicole L. Drey
Attorneys for Plaintiffs Sanrio, Inc., and
Warner Bros. Entertainment Inc.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs Sanrio, Inc. and Warner Bros. Entertainment Inc. hereby demand a trial by jury of all issues so triable.

DATED: October 9, 2009            J. Andrew Coombs, A Professional Corp.

By:   J. Andrew Coombs
      Nicole L. Drey
Attorneys for Plaintiffs Sanrio, Inc. and
Warner Bros. Entertainment Inc.

# EXHIBIT A

## SANRIO CO.'S COPYRIGHTED DESIGNS

| Copyright Registration | Title of Work (Character) | Type of Work |
|---|---|---|
| VA 1 296 115 | 2004 -- 100 Characters | Graphic Artwork |
| VA 811 440 | Bad Badtz Maru | Graphic Artwork |
| VAu 498 617 | Chococat | Art original |
| VA 130 420 | Hello Kitty | Graphic Artwork |
| VA 636 579 | KeroKeroKeroppi | Sticker Book |
| VA 246 421 | Little Twin Stars | Stickers |
| VA 840 495 | Monkichi | Graphic Artwork |
| VA 130 419 | My Melody | Graphic Artwork |
| VA 130 421 | Patty & Jimmy | Graphic Artwork |
| VA 636 582 | Pekkle | Graphic Artwork |
| VA 840 496 | Picke Bicke | Graphic Artwork |
| VA 636 580 | Pochacco | Sticker Book |
| VA 148 625 | Tuxedo Sam | Stickers |
| VA 840 494 | Winkipinki | Graphic Artwork |
| VA 636-581 | Zashikibuta | Stickers |

# EXHIBIT B

## SANRIO'S TRADEMARKS

| Trademark | Mark Drawing Code | Trademark Registration No. | Trademark Registration Date |
|-----------|-------------------|----------------------------|------------------------------|
| Chococat | Design Plus Words, Letters, and/or Numbers | 2,842,707 | 5/18/04 |
| Chococat | Design Plus Words, Letters, and/or Numbers | 2,707,592 | 4/15/03 |
| Chococat | Design Plus Words, Letters, and/or Numbers | 2,705,164 | 4/8/03 |
| Chococat | Design Plus Words, Letters, and/or Numbers | 2,714,130 | 5/6/03 |
| Chococat | Design Plus Words, Letters, and/or Numbers | 2,952,043 | 5/17/05 |
| Chococat | Design Plus Words, Letters, and/or Numbers | 2,845,315 | 5/25/04 |
| Hello Kitty | Design Only | 1,200,083 | 7/6/82 |
| Hello Kitty | Design Only | 1,277,721 | 5/15/84 |
| Hello Kitty | Typed Drawing | 1,215,436 | 11/9/82 |
| Hello Kitty | Typed Drawing | 1,279,486 | 5/29/84 |
| Hello Kitty | Typed Drawing | 1,391,550 | 4/29/86 |
| Hello Kitty | Design Only | 1,370,105 | 11/12/85 |
| Keroppi | Standard Character Mark | 3,531,383 | 11/11/08 |
| Keroppi | Standard Character Mark | 3,181,350 | 12/5/06 |
| Keroppi | Standard Character Mark | 3,531,382 | 11/11/08 |
| Keroppi | Standard Character Mark | 3,181,349 | 12/5/06 |
| Keroppi | Standard Character Mark | 3,436,548 | 5/27/08 |
| Keroppi | Standard Character Mark | 3,181,348 | 12/5/06 |

| | | | |
|---|---|---|---|
| Keroppi | Standard Character Mark | 3,181,347 | 12/5/06 |
| Keroppi | Standard Character Mark | 3,449,938 | 6/17/08 |
| Keroppi | Standard Character Mark | 3,531,381 | 11/11/08 |
| Keroppi | Standard Character Mark | 3,531,380 | 11/11/08 |
| Keroppi | Standard Character Mark | 3,181,346 | 12/5/06 |
| Keroppi | Standard Character Mark | 3,423,288 | 5/6/08 |
| Keroppi | Standard Character Mark | 3,181,345 | 12/5/06 |
| Little Twin Stars | Typed Drawing | 1,341,864 | 6/18/85 |
| Little Twin Stars | Typed Drawing | 1,192,946 | 4/6/82 |
| Little Twin Stars | Standard Character Mark | 3,245,999 | 5/29/07 |
| Little Twin Stars | Standard Character Mark | 3,245,998 | 5/29/07 |
| Little Twin Stars | Standard Character Mark | 3,245,997 | 5/29/07 |
| Little Twin Stars | Standard Character Mark | 3,245,994 | 5/29/07 |
| Little Twin Stars | Standard Character Mark | 3,245,993 | 5/29/07 |
| Little Twin Stars | Standard Character Mark | 3,245,992 | 5/29/07 |
| Little Twin Stars | Standard Character Mark | 3,245,991 | 5/29/07 |
| Monkichi | Standard Character Mark | Serial Number 77,154,633 | n/a |
| Monkichi | Standard Character Mark | Serial Number 77,154,635 | n/a |
| My Melody | Typed Drawing | 1,305,637 | 11/20/84 |
| My Melody | Typed Drawing | 1,210,192 | 9/28/82 |
| Pekkle | Typed Drawing | 2,327,584 | 3/14/00 |
| Pekkle | Typed Drawing | 2,053,346 | 4/15/97 |

| | | | |
|---|---|---|---|
| Pochacco | Typed Drawing | 2,236,507 | 4/6/99 |
| Pochacco | Typed Drawing | 1,985,358 | 7/9/96 |
| Sanrio | Design Plus Words, Letters, and/or Numbers | 2,506,705 | 11/13/01 |
| Sanrio | Typed Drawing | 2,506,577 | 11/13/01 |
| Sanrio | Design Plus Words, Letters, and/or Numbers | 2,721,680 | 6/3/03 |
| Sanrio | Design Plus Words, Letters, and/or Numbers | 2,742,381 | 7/29/03 |
| Sanrio | Design Plus Words, Letters, and/or Numbers | 2,721,679 | 6/3/03 |
| Sanrio | Design Plus Words, Letters, and/or Numbers | 2,693,639 | 3/4/03 |
| Sanrio | Design Plus Words, Letters, and/or Numbers | 2,696,063 | 3/11/03 |

# EXHIBIT C
# WARNER BROS.' COPYRIGHTED DESIGNS

| Copyright Registration | Title Of Work (Character) | Type of Work |
|---|---|---|
| VA32-457 | Tasmanian Devil | Drawing |
| VA31-867 | Sylvester | Stuffed, plush |
| VA31-868 | Bugs Bunny | Stuffed, plush |
| VA31-869 | Tweety | Stuffed, plush |
| VA31-870 | Wile E. Coyote | Stuffed, plush |
| TXU 550963 | Bugs Bunny (1992) | Style Guide |
| TXU 550472 | Sylvester (1992) | Style Guide |
| TXU 550958 | Sylvester Jr. (1992) | Style Guide |
| TXU 550444 | Taz-Mania (1991) | Style Guide |
| TXU 550812 | Tweety (1992) | Style Guide |
| TXU 550953 | Wile E. Coyote (1992) | Style Guide |
| TXU 550962 | Yosemite Sam (1992) | Style Guide |
| TXU 550471 | Acme Road Gear (1992) | Style Guide |
| TXU-550463 | Daffy Duck (1992) | Style Guide |
| TXU 550960 | Elmer Fudd (1992) | Style Guide |
| TXU 550470 | Looney Tunes Guidelines (1992) | Style Guide |
| TXU 550961 | Marc Antony & Pussyfoot (1992) | Style Guide |
| TXU 550959 | Marvin The Martian (1992) | Style Guide |
| TXU 550957 | Pepe Le Pew & Penelope (1992) | Style Guide |

| TXU 551162 | Porky Pig & Petunia Pig (1992) | Style Guide |
|---|---|---|
| TXU 550955 | Road Runner (1992) | Style Guide |
| TXU 550964 | Speedy Gonzales (1992) | Style Guide |
| TXU 557335 | Tasmanian Devil (1992) | Style Guide |
| TXU 568671 | The Warner Brothers (1992) | Style Guide |

## EXHIBIT D

## WARNER BROS. TRADEMARKS

| Trademark Name | Registration No | Reg. Date |
|---|---|---|
| BUGS BUNNY | 950381 | January 9, 1973 |
| BUGS BUNNY | 2046053 | March 18, 1997 |
| DAFFY DUCK | 1998415 | September 3, 1996 |
| ELMER FUDD | 1997173 | August 27, 1996 |
| LOONEY TUNES | 1574797 | January 2, 1990 |
| PORKY PIG | 2062712 | May 20, 1997 |
| ROAD RUNNER | 2000037 | September 10, 1996 |
| TASMANIAN DEVIL | 2033589 | January 28, 1997 |
| TWEETY | 1997174 | August 27, 1996 |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV09- 7448 DDP (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

J. Andrew Coombs (SBN 123881)
Nicole L. Drey (SBN 250235)
J. Andrew Coombs, A Prof. Corp.
517 East Wilson Ave., Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

**ORIGINAL**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sanrio, Inc. and Warner Bros. Entertainment Inc.,<br><br>PLAINTIFF(S)<br><br>v.<br><br>Photallica Inc., et al. [See Attachment]<br><br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV09  07448 DDP (AGRx)**<br><br><br>**SUMMONS** |

TO:   THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
J. Andrew Coombs                              , whose address is:

J. Andrew Coombs, A Prof. Corp.
517 East Wilson Ave., Suite 202
Glendale, California 91206

an answer to the ☒ complaint ☐_____amended complaint ☐ counterclaim ☐ cross-claim
which is herewith served upon you within __20__ days after service of this Summons upon you, exclusive
of the day of service. If you fail to do so, judgement by default will be taken against you for the relief
demanded in the complaint.

Clerk, U.S. District Court

Dated:     OCT 1 4 2009

By:     **CHRISTOPHER POWERS**

Deputy Clerk

*(Seal of the Court)*

## SUMMONS ATTACHMENT

Photallica Inc. d/b/a Photallica a/k/a Photoallica a/k/a Photallica 2 a/k/a
Photallica II a/k/a Dhocallica; Mohammed Sulfi a/k/a Mohammed Zulfi
a/k/a Mohammad Zulfi a/k/a Faisal Mohammed Zulfi a/k/a Faisal Zulfi;
Mohammed Yusoof a/k/a Mohammed Yosoof a/k/a Mohammad Yusoof
a/k/a Muhammed Yusoof a/k/a Salim Yosoof a/k/a Salim Yusoof a/k/a
Yousuf Salim, and Does 1 – 10, inclusive,

Defendants.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Sanrio, Inc. and Warner Bros. Entertainment Inc., | Photatlica inc., et al. [See Attachment] |

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases:)
San Francisco

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
J. Andrew Coombs (SBN 123881); Nicole L. Drey (SBN 250235)
J. Andrew Coombs, A Professional Corporation
517 East Wilson Ave., Suite 202
Glendale, California 91206/ (Telephone: (818) 500-3200)

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Trademark Infringement 15 U.S.C. §§ 1051 et seq.;Copyright infringement 17 U.S.C. §§ 101, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | | | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: CV09 07448

CV-71 (07/05)                    CIVIL COVER SHEET                    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

---

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case?  ☑ No   ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

---

**IX. VENUE:** List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
   San Francisco - Sanrio, Inc.
   Los Angeles - Warner Bros. Entertainment Inc.


List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
   Arizona - all defendants


List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
   Los Angeles


---

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____    Date 10-9-09

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## ATTACHMENT TO CIVIL COVER SHEET

Sanrio, Inc. and Warner Bros. Entertainment Inc.,

Plaintiffs,

v.

Photallica Inc. d/b/a Photallica a/k/a Photoallica a/k/a Photallica 2 a/k/a
Photallica II a/k/a Dhocallica; Mohammed Sulfi a/k/a Mohammed Zulfi
a/k/a Mohammad Zulfi a/k/a Faisal Mohammed Zulfi a/k/a Faisal Zulfi;
Mohammed Yusoof a/k/a Mohammed Yosoof a/k/a Mohammad Yusoof
a/k/a Muhammed Yusoof a/k/a Salim Yosoof a/k/a Salim Yusoof a/k/a
Yousuf Salim, and Does 1 – 10, inclusive,

Defendants.