FILED

1    J. Andrew Coombs (SBN 123881)
     *andy@coombspc.com*
2    Nicole Drey (SBN 250235)
     *nicole@coombspc.com*

2010 MAY 14  PM 2: 48

3    J. Andrew Coombs, A Prof. Corp.
     517 East Wilson Ave., Suite 202

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

4    Glendale, California 91206
     Telephone:  (818) 500-3200
5    Facsimile:   (818) 500-3201

BY_____

6    Attorneys for Plaintiffs Sanrio, Inc.,
7    and Warner Bros. Entertainment Inc.

8               UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  Sanrio, Inc. and Warner Bros.
     Entertainment Inc.,

Case No. CV 09-7448 DMG (AGRx)

12              Plaintiffs,

FIRST AMENDED COMPLAINT
FOR COPYRIGHT
INFRINGEMENT; TRADEMARK
INFRINGEMENT; UNFAIR
COMPETITION; TRADEMARK
DILUTION; DECLARATORY
RELIEF

13      v.

14

15  Photallica Inc. d/b/a Photallica a/k/a
     Photoallica a/k/a Photallica 2 a/k/a
     Photallica II a/k/a Dhocallica;

DEMAND FOR A JURY TRIAL

16  Mohammed Sulfi a/k/a Mohammed Zulfi
     a/k/a Mohammad Zulfi a/k/a Faisal
17  Mohammed Zulfi a/k/a Faisal Zulfi;
     Mohammed Yusoof a/k/a Mohammed
18  Yosoof a/k/a Mohammad Yusoof a/k/a
     Muhammed Yusoof a/k/a Salim Yosoof
19  a/k/a Salim Yusoof a/k/a Yousuf Salim;
     Photallica; Saquib Shoaib; and Does 3 –
20  10, inclusive,

21              Defendants.

22

23       Plaintiffs Sanrio, Inc. ("Sanrio") and Warner Bros. Entertainment Inc.

24  ("Warner Bros.") (collectively "Plaintiffs") for their Complaint allege as follows:

25         **Allegations Common to All Claims for Relief**

26  **A.**   **Jurisdiction and Venue**

27       1.    The claims for trademark infringement, unfair competition and

28  trademark dilution under the Lanham Trademark Act, as amended, 15 U.S.C., § 1051

1  *et seq.*, allege the unauthorized use in interstate commerce of famous and distinctive

2  marks, false designations of origin and trademark dilution.  The Court has

3  jurisdiction over the subject matter of these claims pursuant to 15 U.S.C. § 1121 and

4  28 U.S.C. § 1331 and § 1338. The cause of action for copyright infringement arises

5  pursuant to 17 U.S.C. § 101, *et seq.*  The Court has jurisdiction over the subject

6  matter pursuant to 28 U.S.C. § 1331 and § 1338(a).    The remaining causes of action

7  for unfair competition and trademark dilution under California state law.  The Court

8  has jurisdiction over these substantial and related claims pursuant to 28 U.S.C. §

9  1338 (b) and § 1367.

10      2.      Venue in the Central District of California is proper pursuant to 28

11  U.S.C. § 1391(b), § 1392 and § 1400(a).

12  **B.**    **Introduction**

13      3.      This case concerns the concerted, systematic and wholesale theft of

14  various world-famous intellectual properties owned by Plaintiffs.  Defendants are

15  engaged in the manufacture, importation, distribution, promotion, sale and offer for

16  sale of necklaces, dog tags, key chains and other personal accessories, which

17  incorporate unauthorized likenesses of animated or live action characters owned by

18  Plaintiffs, including, but not necessarily limited to, Hello Kitty and Tweety Bird

19  (collectively "Infringing Product").

20  **C.**    **Plaintiff Sanrio**

21      4.      Sanrio is a corporation, duly organized and existing under the laws of

22  California, having its principal place of business in South San Francisco.  Plaintiff

23  Sanrio is and, at all relevant times, has been, the exclusive U.S. licensee of Sanrio

24  Company, Ltd., a Japan corporation ("Sanrio Co.").  Plaintiff Sanrio is a wholly-

25  owned subsidiary of Sanrio Co.

26      5.      For more than forty years, Sanrio Co. has been engaged in the business

27  of manufacturing, distributing and selling a wide range of products including,

28  without limitation, character artwork created, developed and designed by Sanrio Co.

for use by children and young adults.  Certain of the characters and designs have achieved such global fame and popularity that Sanrio Co. has produced and distributed television programming for children based on the character artwork.  One such television program is the animated television series entitled *Hello Kitty*.

6.     A significant source of revenue for Sanrio Co. is the merchandising and licensing of distinctive elements bearing character artwork, including Hello Kitty, Bad Badtz Maru, Chococat, KeroKeroKeroppi, Landy, Little Twin Stars, Monkichi, My Melody, Patty and Jimmy, Pekkle, Picke Bicke, Pochacco, Tuxedo Sam, Winkipinki and Zashikbuta (hereinafter individually and collectively referred to as the "Sanrio Co. Characters").

7.     The revenue from products using the Sanrio Co. Characters sold in the United States is substantial.  The appearance and other features of the Sanrio Co. Characters are inherently distinctive and serve to identify Sanrio as the source of products bearing the Sanrio Co. Characters.  The design, configuration and distinctive features of the Sanrio Co. Characters and other Sanrio Co. copyrighted works, and of works related thereto (hereinafter individually and collectively referred to as "Sanrio Co.'s Copyrighted Designs") are wholly original with Sanrio Co. and, as fixed in various tangible media, including, without limitation, merchandise, are copyrightable subject matter under the United States Copyright Act, 17 U.S.C., §§ 101 *et seq*.  Sanrio Co. is the owner of Sanrio Co.'s Copyrighted Designs and, as featured on and in connection with various merchandise, these designs constitute copyrightable subject matter under the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq*.

8.     Sanrio Co. has complied in all respects with the laws governing copyright and has secured the exclusive rights and privileges in and to the copyrights to Sanrio Co.'s Copyrighted Designs, and Sanrio Co. owns one or more certificates of registration for works in which each of Sanrio Co.'s Copyrighted Designs appear.

A representative list of copyright registrations for Sanrio Co.'s Copyrighted Designs is attached hereto as Exhibit A.

9.     Products featuring Sanrio Co.'s Copyrighted Designs manufactured, sold and distributed by Sanrio Co. or under its authority have been manufactured, sold and distributed in conformity with the provisions of the copyright laws.  Sanrio Co. and those acting under its authority have complied with their obligations under the copyright laws and Sanrio Co. has at all times been and still is the sole proprietor or otherwise authorized to enforce all right, title and interest in and to the copyrights in each of Sanrio Co.'s Copyrighted Designs.

10.    Sanrio Co. owns all right, title and interest in and to and holds exclusive right to develop, manufacture, market and sell products bearing the trademarks, trade names, service marks, artwork, characters and other distinctive elements for and incorporating the Sanrio Co. Characters in the United States.

11.    Sanrio Co. is the owner of world famous registered marks which serve to distinguish Sanrio Co. products.  Some of those trademarks have been used continuously for over twenty-five years.  Each year, Sanrio Co. spends millions of dollars to develop and maintain the considerable good will it enjoys in its trademarks and in its reputation for high quality.  A representative list of trademark registrations for the Sanrio Co. Characters is attached hereto as Exhibit B (collectively "Sanrio Co.'s Trademarks").

12.    Sanrio Co.'s Trademarks are all valid, extant and in full force and effect.  Sanrio Co.'s Trademarks are all exclusively owned by Sanrio Co.  Sanrio Co. has continuously used each of Sanrio Co.'s Trademarks from the registration date, or earlier, until the present and at all times relevant to the claims alleged in this Complaint.

13.    As a result of advertising and sales, together with longstanding consumer acceptance, Sanrio Co.'s Trademarks identify Sanrio Co.'s products and authorized sales of these products.  Sanrio Co.'s Trademarks have each acquired

secondary meaning in the minds of consumers throughout the United States and the world.  The Sanrio Co. Characters, Sanrio Co.'s Copyrighted Designs and Sanrio Co.'s Trademarks are collectively referred to herein as "Sanrio Co.'s Properties."

**D.**   **Plaintiff Warner Bros.**

14.   Warner Bros. is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business in Burbank, California.  Warner Bros., or one of its wholly-owned subsidiaries, is engaged in a variety of businesses including, without limitation, the production, distribution and broadcast of filmed entertainment, including motion pictures and television programming.

15.   A significant aspect of Warner Bros.' business is the merchandising and licensing of distinctive trademarks and copyrights associated with its media product, specifically including the *Looney Tunes* animated shorts.  The distinctive trademarks and copyrights licensed and/or merchandised by Warner Bros. include, but are not limited to, the world-famous characters featured in such programming and films, specifically including the character Tweety Bird (hereinafter individually and collectively referred to as the "Warner Bros. Characters").

16.   The revenue from products sold in the United States which use the Warner Bros. Characters is substantial.  The appearance and other features of the Warner Bros. Characters are inherently distinctive and serve to identify Warner Bros. and its licensees as the source of products bearing the Warner Bros. Characters.  The design, configuration and distinctive features of the Warner Bros. Characters and other Warner Bros. copyrighted works, and of works related thereto (hereinafter individually and collectively referred to as "Warner Bros.' Copyrighted Designs") are wholly original with Warner Bros. and, as fixed in various tangible media, including merchandise, are copyrightable subject matter under the United States Copyright Act, 17 U.S.C., §§ 101, et seq.  Warner Bros. is the owner of Warner Bros.' Copyrighted Designs and, as featured on in connection with various

merchandise, constitute copyrightable subject matter under the Copyright Act of 1976, 17 U.S.C. §§ 101, et seq.

17.     Warner Bros. has complied in all respects with the laws governing copyright and has secured the exclusive rights and privileges in and to the copyrights to Warner Bros.' Copyrighted Designs, and Warner Bros. owns one or more certificates of registration for works in which each of Warner Bros.' Copyrighted Designs appear.  A representative list of copyright registrations for Warner Bros.' Copyrighted Designs is attached hereto as Exhibit C.

18.     Warner Bros. and those acting under its authority have complied with their obligations under the copyright laws, and Warner Bros. has at all times been and still is the sole proprietor or otherwise authorized to enforce all right, title and interest in and to the copyrights in each of Warner Bros.' Copyrighted Designs.

19.     Warner Bros. is the owner of world famous registered marks which serve to distinguish Warner Bros. products.  Each year Warner Bros. spends millions of dollars to develop and maintain the considerable goodwill it enjoys in its trademarks and in its reputation for high quality.  A representative list of trademark registrations for the Warner Bros. Characters is attached hereto as Exhibit D (collectively the "Warner Bros. Trademarks").

20.     The Warner Bros. Trademarks are all valid, extant and in full force and effect.  Warner Bros. Trademarks are all exclusively owned by Warner Bros. Warner Bros. has continuously used each of the Warner Bros. Trademarks from the registration date, or earlier, until the present and at all times relevant to the claims alleged in this Complaint.

21.     As a result of advertising and sales, together with longstanding consumer acceptance, the Warner Bros. Trademarks identify Warner Bros.' products and authorized sales of these products.  The Warner Bros. Trademarks have each acquired secondary meaning in the minds of consumers throughout the United States

1  and the world.  The Warner Bros. Characters, Copyrighted Designs and Trademarks
2  are collectively referred to herein as the "Warner Bros. Properties."

3      22.    Sanrio Co.'s Copyrighted Designs and Warner Bros.' Copyrighted
4  Designs are collectively referred to herein as "Plaintiffs' Copyrighted Designs."
5  Sanrio Co.'s Trademarks and Warner Bros. Trademarks are collectively referred to
6  herein as "Plaintiffs' Trademarks."  Plaintiffs' Copyrighted Designs and Plaintiffs'
7  Trademarks are collectively referred to herein as "Plaintiffs' Properties."

8  **E.    Defendants**

9      23.    Plaintiffs are informed and believe, and upon that basis allege, that
10 Defendant Photallica Inc. d/b/a Photallica a/k/a Photoallica a/k/a Photallica 2 a/k/a
11 Photallica II a/k/a Dhocallica ("Photallica Inc.") is incorporated in the State of
12 Arizona and qualified to do business in the State of California.  Photallica Inc. is
13 subject to the jurisdiction of this Court and is manufacturing, promoting, distributing,
14 advertising and selling merchandise which infringes Plaintiffs' Properties within this
15 judicial district.   Plaintiffs are further informed and believe that Photallica Inc.
16 operates at least ten shops located at:

17      500 Lakewood Center Mall, Lakewood, California 90714;

18      10250 Santa Monica Boulevard, Los Angeles, California 90067;

19      20700 Avalon Boulevard, Carson, California 90706;

20      3030 Plaza Bonita, National City, California 91950;

21      324 Horton Plaza, San Diego, California 92101;

22      14400 Bear Valley Road, Victorville, California 92392;

23      9019 Los Cerritos Mall, Cerritos, California 90703;

24      5000 South Arizona Mills Circle, Tempe, Arizona 8528;

25      1445 West Southern Avenue, #206, Mesa, Arizona 85202; and

26      542 North Yucca Circle, Mesa, Arizona 85201.

27      24.    Defendant Mohammed Sulfi a/k/a Mohammed Zulfi a/k/a Mohammad
28 Zulfi a/k/a Faisal Mohammed Zulfi a/k/a Faisal Zulfi ("Sulfi") is an individual

residing in Mesa, Arizona.  Plaintiffs are informed and believe, and upon that basis allege, that Sulfi is actively engaged in the operation, management and control of Defendant Photallica Inc.

25.    Defendant Mohammed Yusoof a/k/a Mohammed Yosoof a/k/a Mohammad Yusoof a/k/a Muhammed Yusoof a/k/a Salim Yosoof a/k/a Salim Yusoof a/k/a Yousuf Salim ("Yusoof") is an individual residing in Mesa, Arizona. Plaintiffs are informed and believe, and upon that basis allege, that Yusoof is actively engaged in the operation, management and control of Defendant Photallica Inc.

26.    Plaintiffs are informed and believe, and upon that basis allege, that Defendant Photallica ("Photallica") is a business entity, the precise legal form of which is unknown to Plaintiffs, with its principal places of business in Lakewood, California, and Cerritos, California.  Photallica is subject to the jurisdiction of this Court and is manufacturing, promoting, distributing, advertising and selling merchandise which infringes Plaintiffs' Properties within this judicial district.

27.    Defendant Saquib Shoaib ("Shoaib") is an individual residing in Los Angeles, California.  Plaintiffs are informed and believe, and upon that basis allege, that Yusoof is actively engaged in the operation, management and control of Defendant Photallica.

28.    Upon information and belief, Does 1 – 10 are either entities or individuals who are residents of or present in this judicial district, and are subject to the jurisdiction of this Court.  Upon information and belief, Does 1 – 10 are principals or supervisory employees of the named defendants, suppliers of the named defendants or other entities or individuals who are manufacturing, distributing, selling and/or offering for sale merchandise in this judicial district which infringes some or all of Plaintiffs' Properties.  The identities of the various Does are unknown to Plaintiffs at this time.  The Complaint will be amended to include the names of

1    such individuals when identified.  The named defendants and Does 1 – 10 are

2    collectively referred to herein as "Defendants."

3    **F.**    **Defendants' Infringing Activities**

4           29.    Upon information and belief, long after Plaintiffs' adoption and use of

5    Plaintiffs' Properties on a diverse range of goods, and after Plaintiffs obtained the

6    copyright and trademark registrations alleged above, Defendants adopted and used

7    substantially identical likenesses of Plaintiffs' Properties on Infringing Product,

8    without Plaintiffs' consent, by manufacturing, importing, advertising, displaying,

9    distributing, selling and/or offering to sell the Infringing Product.  Defendants have

10   caused the Infringing Product to enter into commerce and to be transported or used

11   in commerce.  Defendants are not licensed by Plaintiffs and at all relevant times were

12   not authorized by Plaintiffs, or each of them, or any authorized agent of Plaintiffs to

13   manufacture, import, distribute, sell and/or offer for sale the Infringing Product.

14   Defendants are currently engaged in such uses and, unless enjoined by this Court,

15   will continue such unauthorized uses.

16          30.    By engaging in this conduct, Defendants have acted in willful disregard

17   of laws protecting Plaintiffs' goodwill and related proprietary rights and have

18   confused and deceived, or threaten to confuse and deceive, the consuming public

19   concerning the source and sponsorship of the products.  By their wrongful conduct,

20   Defendants have traded upon and diminished the Plaintiffs' goodwill.

21                              **FIRST CLAIM FOR RELIEF**

22                              **(For Copyright Infringement)**

23          31.    Plaintiffs repeat and reallege all of the allegations contained in

24   paragraphs 1 through 30, inclusive, as though set forth herein in full.

25          32.    Plaintiffs are informed and believe, and upon that basis allege, that the

26   Defendants have each obtained gains, profits and advantages as a result of their

27   infringing acts in amounts within the jurisdiction of the Court.

28

33.   Plaintiffs are informed and believe, and upon that basis allege, that they have suffered and continue to suffer direct and actual damages as result of Defendants' infringing conduct as alleged herein, in amounts within the jurisdiction of this Court.  In order to determine the full extent of such damages, including such profits as may be recoverable under 17 U.S.C. § 504, Plaintiffs will require an accounting from each Defendant of all monies generated from the manufacture, importation, distribution and/or sale of the Infringing Product as alleged herein.  In the alternative, Plaintiffs may elect to recover for each of their respective copyrighted works infringed, statutory damages pursuant to 17 U.S.C. § 504(c).

34.   Plaintiffs have no other adequate remedy at law and have suffered and continue to suffer irreparable harm and damage as a result of the above-described acts.  Plaintiffs are informed and believe, and upon that basis allege, that, unless enjoined by the Court, the unlawful infringement by Defendants of Plaintiffs' Properties will continue with irreparable harm and damage to Plaintiffs, and each of them.  Accordingly, Plaintiffs seek and request permanent injunctive relief pursuant to 17 U.S.C § 502.

35.   By reason of the foregoing, Plaintiffs have incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of their claims herein, which attorneys' fees and costs Plaintiffs are entitled to recover from the Defendants, and each of them, pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF

### (For Trademark Infringement)

36.   Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 35, inclusive, as though set forth herein in full.

37.   Defendants' manufacture, importation, advertisement, display, promotion, marketing, distribution, sale and/or offer for sale of the Infringing Product is likely to cause confusion or to cause mistake or to deceive the relevant public and trade regarding the affiliation, sponsorship, endorsement or approval of

the Infringing Product by Plaintiffs, or each of them.  Such confusion, mistake and deception is aggravated by the confusing similarity between Plaintiffs' Properties and the use of substantially identical likenesses on the Infringing Product in the same type of goods made, imported and sold by or under authority of Plaintiffs, and each of them.

38.     Plaintiffs are informed and believe and, upon that basis allege, that Defendants, and each of them, acted with knowledge of the federally registered trademarks alleged herein and of the valuable goodwill Plaintiffs enjoy in connection therewith, with intent to confuse, mislead and deceive the public into believing that the Infringing Product was made, imported and sold by Plaintiffs, or each of them, or are in some other manner, approved or endorsed by Plaintiffs, or each of them.

39.     Plaintiffs have suffered and continue to suffer irreparable harm and damage as a result of Defendants' acts of trademark infringement in amounts thus far not determined but within the jurisdiction of this Court, which amounts should each be trebled pursuant to 15 U.S.C. § 1117.  In order to determine the full extent of such damages, including such profits as may be recoverable under 15 U.S.C. § 1117, Plaintiffs will require an accounting from each Defendant of all monies generated from the manufacture, importation, distribution and/or sale of the Infringing Product as alleged herein.  In the alternative, Plaintiffs may elect to recover statutory damages pursuant to 15 U.S.C. § 1117(c).

40.     Plaintiffs have no other adequate remedy at law and have suffered and continue to suffer irreparable harm and damage as a result of the above-described acts of infringement.  Plaintiffs are informed and believe, and upon that basis allege, that, unless enjoined by the Court, the unlawful infringement will continue with irreparable harm and damage to Plaintiffs, and each of them.  Accordingly, Plaintiffs seek and request preliminary and permanent injunctive relief pursuant to 15 U.S.C § 1116.

41.    By reason of the foregoing, Plaintiffs have incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of their claims herein, which attorneys' fees and costs Plaintiffs are entitled to recover from Defendants, and each of them, pursuant to 15 U.S.C. § 1117(c).

## THIRD CLAIM FOR RELIEF

### (For Unfair Competition)

42.    Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 41, inclusive, as though set forth herein in full.

43.    Plaintiffs own all rights, title and interest in and to the trademarks, trade names, service marks, artwork, characters and other distinctive elements for and incorporating Plaintiffs' Properties.

44.    Plaintiffs' Properties have each acquired a secondary and distinctive meaning among the public, which has come to identify Plaintiffs, and each of them, through various media, including films, books, television, theme parks, magazines and other sources, and through the distribution and sale of authorized merchandise, and the distinctive features of each of, as designating products associated with Plaintiffs.  As a result of the extensive advertising, media exposure, sales and public recognition of Plaintiffs' Properties, combined with the positive experiences of the public in its relationship with Plaintiffs, and each of them, Plaintiffs' Properties are each symbolic of Plaintiffs, and each of them, and representative of the image which the public has of Plaintiffs, and each of them.

45.    Plaintiffs are informed and believe, and upon that basis allege, that Defendants, and each of them, have, without permission, authority or license from Plaintiffs, and each of them, or its licensees, affixed, applied and/or used in connection with the manufacture, importation, advertisement, display, promotion, marketing, distribution, sale and/or offer for sale, false descriptions and representations including words or other symbols which tend falsely to describe or represent such goods as Plaintiffs and/or affiliated with Plaintiffs, and each of them,

and have caused the entry of such goods into interstate commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Plaintiffs. Defendants, and each of them, by misappropriating and using one or more of Plaintiffs' Properties, have misrepresented and falsely described to the general public the origin, source, association, affiliation or sponsorship of their goods so as to create the likelihood of confusion by the ultimate purchaser as to both the source and sponsorship of said goods.

46.     Plaintiffs are informed and believe, and upon that basis allege, that the Infringing Product being manufactured, imported, advertised, marketed, displayed, distributed, sold and/or offered for sale by Defendants, and each of them, are of inferior quality and that the sale and/or offer for sale thereof will be damaging to and dilute the goodwill and reputation of Plaintiffs, and each of them.

47.     Defendants' acts and conduct, as alleged herein, including, without limitation, the Defendants' duplication and imitation of Plaintiffs' Properties, are business practices likely to deceive or confuse the purchasing public and trade upon Plaintiffs' reputations, both as to the source, origin, sponsorship and approval of the goods provided and as to the affiliation, connection or association of Defendants, and each of them, with Plaintiffs and constitute acts of unfair competition, false designation of origin and false representation of affiliation, all in violation of 15 U.S.C. § 1125(a). Plaintiffs are informed and believe, and upon that basis allege, that each of Defendants' respective acts of reputation appropriation and unfair competition was willful.

48.     Plaintiffs have no adequate remedy at law and have each suffered and continue to suffer irreparable harm and damage as a result of Defendants' respective acts of unfair competition in amounts thus far not determined but within the jurisdiction of this Court, which amounts should each be trebled pursuant to 15 U.S.C. § 1117.

49.     Plaintiffs are informed and believe, and upon that basis allege, that unless enjoined by the Court the confusion and deception alleged above and the likelihood thereof will continue with irreparable harm and damage to Plaintiffs, and each of them.  Accordingly, Plaintiffs seek and request preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

50.     Plaintiffs are informed and believe, and upon that basis allege, that Defendants have each obtained gains, profits and advantages as a result of their wrongful acts of unfair competition in amounts not thus far determined but within the jurisdiction of this Court, which amounts should each be trebled, pursuant to 15 U.S.C. § 1117.

51.     In order to determine the full extent of such damages, including such profits as may be recoverable, Plaintiffs require an accounting from each Defendant of all monies generated from the manufacture, importation, distribution and/or sale of the Infringing Product.

52.     By reason of the foregoing, Plaintiffs have incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of their claims herein, which attorneys' fees and costs Plaintiffs are entitled to recover from the Defendants, and each of them, pursuant to 15 U.S.C. § 1117.

## FOURTH CLAIM FOR RELIEF

### (For Trademark Dilution)

53.     Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 52, inclusive, as though set forth in full herein.

54.     The extensive advertising, media exposure, sales and public recognition of Plaintiffs' Properties, combined with the positive experiences of the public in its relationship with Plaintiffs, and each of them, have made Plaintiffs' Properties each famous and distinctive marks that are symbolic of Plaintiffs, and each of them, and representative of the image the public has of Plaintiffs, and each of them.

55.     Plaintiffs' Properties are extraordinarily famous and well known throughout the United States and elsewhere, having been used extensively by Plaintiffs, and each of them.  By reason of Plaintiffs' extensive use of Plaintiffs' Properties, each has become highly distinctive of Plaintiffs' goods and services and is uniquely and exclusively associated with Plaintiffs, and each of them.  Plaintiffs' Properties are famous marks within the purview of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

56.     Defendants' acts and conduct, as alleged herein, including Defendants' use of Plaintiffs' Trademarks on and in connection with the manufacture, importation, advertisement, display, distribution, sale and/or offer for sale of the Infringing Product are commercial business practices which trade on Plaintiffs' reputations and cause dilution of one or more of each of the famous, distinctive and pre-existing Trademarks, by lessening the capacity of these marks to exclusively identify and to distinguish Plaintiffs, and each of them, and their goods and services, and constitute dilution, all in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).  Plaintiffs are informed and believe, and upon that basis allege, that each of Defendants' acts of trademark dilution and reputational appropriation was willful and that each Defendant willfully intended to reap the benefit of Plaintiffs' goodwill, trade upon Plaintiffs' reputations and/or dilute the distinctiveness of one or more of Plaintiffs' famous and distinctive trademarks.

57.     Plaintiffs are informed and believe, and upon that basis allege, that unless enjoined by the Court, Defendants' unlawful and unauthorized acts in violation of Section 43(c) of the Lanham Act will continue to case dilution of one or more of Plaintiffs' Properties with the corresponding irreparable harm and damage to Plaintiffs, and each of them.  Accordingly, Plaintiffs seek preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

58.     Plaintiffs have no adequate remedy at law and have suffered and continue to suffer irreparable harm and damage as a result of Defendants' acts of

1  trademark dilution in amounts thus far not determined, but within the jurisdiction of

2  this Court, which amounts should be trebled pursuant to 15 U.S.C. § 1116.

3      59.   Plaintiffs are informed and believe, and upon that basis allege, that

4  Defendants have each obtained gains, profits and advantages as a result of their

5  wrongful acts of trademark dilution in amounts thus far not determined but within

6  the jurisdiction of this Court, which amounts should be trebled pursuant to 15 U.S.C.

7  § 1117.

8      60.   In order to determine the full extent of such damages, including such

9  profits as may be recoverable, Plaintiffs will require an accounting from each

10  Defendant of all monies generated from the manufacture, importation, distribution

11  and/or sale of the diluting items alleged herein.

12      61.   By reason of the foregoing, Plaintiffs have incurred and will continue to

13  incur attorneys' fees and other costs in connection with the prosecution of their

14  claims herein, which attorneys' fees and costs Plaintiffs are entitled to recover from

15  Defendants, and each of them, pursuant to 15 U.S.C. § 1117.

16  **FIFTH CLAIM FOR RELIEF**

17  **(For State Law Unfair Competition)**

18      62.   Plaintiffs repeat and reallege all the allegations contained in paragraphs

19  1 though 61, inclusive, as though set forth herein in full.

20      63.   As alleged above, each of Plaintiffs' Properties has acquired secondary

21  meaning indicative of origin, relationship, sponsorship and/or association with

22  Plaintiffs, and each of them.  The purchasing public is likely to attribute to Plaintiffs,

23  and each of them, the use by Defendants and/or their customers, of one or more of

24  Plaintiffs' Properties, as a source of origin, authorization and/or sponsorship for

25  Defendants and/or their customers' goods and therefore to purchase such goods

26  based upon that erroneous belief.

27      64.   Plaintiffs are informed and believe, and upon that basis allege, that

28  Defendants, and each of them, have intentionally appropriated one or more of

Plaintiffs' Properties with the intent of causing confusion, mistake and deception as to the source of their and/or their third party wholesale customers' goods and with the intent to palm off such goods as those of Plaintiffs, and each of them, and, as such, Defendants have each committed trademark infringement, misleading advertising and unfair competition, all in violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, *et seq*.

65.    Plaintiffs have no adequate remedy at law and have suffered and continue to suffer irreparable harm and damage as a result of each of Defendants' acts in an amount thus far not determined but within the jurisdiction of this Court.

66.    Plaintiffs are informed and believe, and upon that basis allege, that unless enjoined by the Court, the confusion and deception alleged herein and the likelihood thereof will continue with irreparable harm and damage to Plaintiffs, and each of them.

67.    Plaintiffs are informed and believe, and upon that basis allege, that Defendants have each unlawfully and wrongfully derived and will continue to derive income, gains, profits and advantages as a result of their wrongful acts of unfair competition, in amounts thus far not determined but within the jurisdiction of this Court.  Plaintiffs are informed and believe, and upon that basis allege, that they have lost and will continue to lose profits and goodwill as a result of Defendants' conduct.

68.    By reason of the foregoing acts of unfair competition, Plaintiffs are entitled to restitution from each Defendant of all income, gains, profits and advantages resulting from their wrongful conduct in amounts to be determined according to proof at trial.

69.    In order to determine the full extent of such damages, including such profits as may be recoverable, Plaintiffs will require an accounting from each Defendant of all monies generated from the manufacture, importation, distribution and/or sale of the Infringing Product.

70.     Plaintiffs are informed and believe, and upon that basis allege, that Defendants, and each of them, committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively, with intent to injure Plaintiffs in their business and with conscious disregard for Plaintiffs' rights, thereby justifying awards of punitive and exemplary damages against each Defendant in amounts sufficient to punish each Defendant and to set an example for others.

<u>**SIXTH CLAIM FOR RELIEF**</u>

**(State Law Trademark Dilution)**

71.     Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 70, inclusive, as though set forth herein in full.

72.     Plaintiffs have used Plaintiffs' Properties to identify themselves, and each of them, and their goods and services.  Defendants' use of Plaintiffs' Properties to identify themselves and their products has diluted and will continue to dilute the distinctive quality of Plaintiffs' Properties in violation of § 14245, *et seq.* of the California Business and Professions Code.

73.     Defendants' acts as alleged herein have damaged and will continue to irreparably damage Plaintiffs.  Plaintiffs have no adequate remedy at law for such wrongs and injuries.  The damage to Plaintiffs includes harm to its goodwill and reputation that money cannot adequately compensate.  Plaintiffs therefore are entitled to a preliminary and permanent injunction enjoining Defendants' commercial use of Plaintiffs' Properties.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand:

A.     That Defendants, their agents, servants, employees, representatives, successor and assigns, and all persons, firms, corporations or other entities in active concert or participation with any of said Defendants, be immediately and permanently enjoined from:

1.      Directly or indirectly infringing Plaintiffs' Properties in any manner, including generally, but not limited to, manufacture, importation, distribution, advertising, selling and/or offering for sale any merchandise which infringes the said Plaintiffs' Properties, and, specifically:

2.      Importing, manufacturing, distributing, advertising, selling and/or offering for sale the Infringing Product or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a confusing and/or substantial similarity to any of Plaintiffs' Properties;

3.      Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing and/or substantial similarity to any of Plaintiffs' Properties;

4.      Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe the actions of Defendants, the products sold by Defendants, or Defendants themselves are connected with Plaintiffs, are sponsored, approved or licensed by Plaintiffs or are in some way affiliated with Plaintiffs;

5.      Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiffs;

6.      Otherwise competing unfairly with Plaintiffs in any manner;

7.      Destroying or otherwise disposing of

        a.      Merchandise falsely bearing Plaintiffs' Properties;

b.      Any other products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of Plaintiffs' Properties;

c.      Any labels, packages, wrappers, containers or any other unauthorized promotion or advertising material item which reproduces, copies, counterfeits, imitates or bears any of Plaintiffs' Properties;

d.      Any molds, screens, patterns, plates, negatives or other elements used for making or manufacturing products bearing Plaintiffs' Properties;

e.      Any sales and supply or customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogs and all other business records, believed to concern the manufacture, purchase, advertising, sale or offering for sale of the Infringing Product;

B.      That Plaintiffs, and each of them, and their designees are authorized to seize the following items which are in Defendants' possession, custody or control:

1.      All unauthorized products bearing Plaintiffs' Properties, or likenesses thereof;

2.      Any other unauthorized products which reproduce, copy, counterfeit, imitate or bear any of Plaintiffs' Properties or which picture, reproduce, copy or use the likeness of or bear a substantial similarity to Plaintiffs' Properties;

3.      Any labels, packages, wrappers, containers and any other unauthorized promotional or advertising material which reproduce, copy, counterfeit, imitate or bear any of Plaintiffs' Properties or which picture, reproduce, copy or use the likeness of or bear a substantial similarity to Plaintiffs' Properties;

4.     Any molds, screens, patterns, plates, negatives, machinery or equipment used for making or manufacturing the Infringing Product or unauthorized items which bear Plaintiffs' Properties or which bear a substantial similarity to any of Plaintiffs' Properties.

C.     That those Defendants infringing upon Plaintiffs' Properties be required to pay actual damages increased to the maximum extent permitted by law and/or statutory damages at Plaintiffs' election;

D.     That actual damages be trebled pursuant to 15 U.S.C. § 1117;

E.     That Defendants account for and pay over to Plaintiffs all damages sustained by Plaintiffs, and each of them, and profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and that those profits be increased as provided by law;

F.     That Plaintiffs recover from Defendants their costs of this action and reasonable attorneys' fees; and

G.     That Plaintiffs have all other and further relief as the Court may deem just and proper under the circumstances.


Dated:  May 13, 2010                          J. Andrew Coombs, A Professional Corp.


                                              By:  J. Andrew Coombs
                                                   Nicole L. Drey
                                              Attorneys for Plaintiffs Sanrio, Inc., and
                                              Warner Bros. Entertainment Inc.

1

## DEMAND FOR JURY TRIAL

2          Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs Sanrio, Inc. and

3   Warner Bros. Entertainment Inc. hereby demand a trial by jury of all issues so

4   triable.

5   DATED: May 13, 2010                    J. Andrew Coombs, A Professional Corp.

6

7

8                                   By:  J. Andrew Coombs
                                         Nicole L. Drey
9                                   Attorneys for Plaintiffs Sanrio, Inc. and
                                    Warner Bros. Entertainment Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**SANRIO CO.'S COPYRIGHTED DESIGNS**

| Copyright Registration | Title of Work (Character) | Type of Work |
|---|---|---|
| VA 1 296 115 | 2004 – 100 Characters | Graphic Artwork |
| VA 811 440 | Bad Badtz Maru | Graphic Artwork |
| VAu 498 617 | Chococat | Art original |
| VA 130 420 | Hello Kitty | Graphic Artwork |
| VA 636 579 | KeroKeroKeroppi | Sticker Book |
| VA 246 421 | Little Twin Stars | Stickers |
| VA 840 495 | Monkichi | Graphic Artwork |
| VA 130 419 | My Melody | Graphic Artwork |
| VA 130 421 | Patty & Jimmy | Graphic Artwork |
| VA 636 582 | Pekkle | Graphic Artwork |
| VA 840 496 | Picke Bicke | Graphic Artwork |
| VA 636 580 | Pochacco | Sticker Book |
| VA 148 625 | Tuxedo Sam | Stickers |
| VA 840 494 | Winkipinki | Graphic Artwork |
| VA 636-581 | Zashikibuta | Stickers |

**EXHIBIT B**

**SANRIO'S TRADEMARKS**

| Trademark | Mark Drawing Code | Trademark Registration No. | Trademark Registration Date |
|---|---|---|---|
| Chococat | Design Plus Words, Letters, and/or Numbers | 2,842,707 | 5/18/04 |
| Chococat | Design Plus Words, Letters, and/or Numbers | 2,707,592 | 4/15/03 |
| Chococat | Design Plus Words, Letters, and/or Numbers | 2,705,164 | 4/8/03 |
| Chococat | Design Plus Words, Letters, and/or Numbers | 2,714,130 | 5/6/03 |
| Chococat | Design Plus Words, Letters, and/or Numbers | 2,952,043 | 5/17/05 |
| Chococat | Design Plus Words, Letters, and/or Numbers | 2,845,315 | 5/25/04 |
| Hello Kitty | Design Only | 1,200,083 | 7/6/82 |
| Hello Kitty | Design Only | 1,277,721 | 5/15/84 |
| Hello Kitty | Typed Drawing | 1,215,436 | 11/9/82 |
| Hello Kitty | Typed Drawing | 1,279,486 | 5/29/84 |
| Hello Kitty | Typed Drawing | 1,391,550 | 4/29/86 |
| Hello Kitty | Design Only | 1,370,105 | 11/12/85 |
| Keroppi | Standard Character Mark | 3,531,383 | 11/11/08 |
| Keroppi | Standard Character Mark | 3,181,350 | 12/5/06 |
| Keroppi | Standard Character Mark | 3,531,382 | 11/11/08 |
| Keroppi | Standard Character Mark | 3,181,349 | 12/5/06 |
| Keroppi | Standard Character Mark | 3,436,548 | 5/27/08 |
| Keroppi | Standard Character Mark | 3,181,348 | 12/5/06 |

| Keroppi | Standard Character Mark | 3,181,347 | 12/5/06 |
|---|---|---|---|
| Keroppi | Standard Character Mark | 3,449,938 | 6/17/08 |
| Keroppi | Standard Character Mark | 3,531,381 | 11/11/08 |
| Keroppi | Standard Character Mark | 3,531,380 | 11/11/08 |
| Keroppi | Standard Character Mark | 3,181,346 | 12/5/06 |
| Keroppi | Standard Character Mark | 3,423,288 | 5/6/08 |
| Keroppi | Standard Character Mark | 3,181,345 | 12/5/06 |
| Little Twin Stars | Typed Drawing | 1,341,864 | 6/18/85 |
| Little Twin Stars | Typed Drawing | 1,192,946 | 4/6/82 |
| Little Twin Stars | Standard Character Mark | 3,245,999 | 5/29/07 |
| Little Twin Stars | Standard Character Mark | 3,245,998 | 5/29/07 |
| Little Twin Stars | Standard Character Mark | 3,245,997 | 5/29/07 |
| Little Twin Stars | Standard Character Mark | 3,245,994 | 5/29/07 |
| Little Twin Stars | Standard Character Mark | 3,245,993 | 5/29/07 |
| Little Twin Stars | Standard Character Mark | 3,245,992 | 5/29/07 |
| Little Twin Stars | Standard Character Mark | 3,245,991 | 5/29/07 |
| Monkichi | Standard Character Mark | Serial Number 77,154,633 | n/a |
| Monkichi | Standard Character Mark | Serial Number 77,154,635 | n/a |
| My Melody | Typed Drawing | 1,305,637 | 11/20/84 |
| My Melody | Typed Drawing | 1,210,192 | 9/28/82 |
| Pekkle | Typed Drawing | 2,327,584 | 3/14/00 |
| Pekkle | Typed Drawing | 2,053,346 | 4/15/97 |

| | | | |
|---|---|---|---|
| Pochacco | Typed Drawing | 2,236,507 | 4/6/99 |
| Pochacco | Typed Drawing | 1,985,358 | 7/9/96 |
| Sanrio | Design Plus Words, Letters, and/or Numbers | 2,506,705 | 11/13/01 |
| Sanrio | Typed Drawing | 2,506,577 | 11/13/01 |
| Sanrio | Design Plus Words, Letters, and/or Numbers | 2,721,680 | 6/3/03 |
| Sanrio | Design Plus Words, Letters, and/or Numbers | 2,742,381 | 7/29/03 |
| Sanrio | Design Plus Words, Letters, and/or Numbers | 2,721,679 | 6/3/03 |
| Sanrio | Design Plus Words, Letters, and/or Numbers | 2,693,639 | 3/4/03 |
| Sanrio | Design Plus Words, Letters, and/or Numbers | 2,696,063 | 3/11/03 |

**EXHIBIT C**

**WARNER BROS.' COPYRIGHTED DESIGNS**

| Copyright Registration | Title Of Work (Character) | Type of Work |
|---|---|---|
| VA32-457 | Tasmanian Devil | Drawing |
| VA31-867 | Sylvester | Stuffed, plush |
| VA31-868 | Bugs Bunny | Stuffed, plush |
| VA31-869 | Tweety | Stuffed, plush |
| VA31-870 | Wile E. Coyote | Stuffed, plush |
| TXU 550963 | Bugs Bunny (1992) | Style Guide |
| TXU 550472 | Sylvester (1992) | Style Guide |
| TXU 550958 | Sylvester Jr. (1992) | Style Guide |
| TXU 550444 | Taz-Mania (1991) | Style Guide |
| TXU 550812 | Tweety (1992) | Style Guide |
| TXU 550953 | Wile E. Coyote (1992) | Style Guide |
| TXU 550962 | Yosemite Sam (1992) | Style Guide |
| TXU 550471 | Acme Road Gear (1992) | Style Guide |
| TXU-550463 | Daffy Duck (1992) | Style Guide |
| TXU 550960 | Elmer Fudd (1992) | Style Guide |
| TXU 550470 | Looney Tunes Guidelines (1992) | Style Guide |
| TXU 550961 | Marc Antony & Pussyfoot (1992) | Style Guide |
| TXU 550959 | Marvin The Martian (1992) | Style Guide |
| TXU 550957 | Pepe Le Pew & Penelope (1992) | Style Guide |

| TXU 551162 | Porky Pig & Petunia Pig (1992) | Style Guide |
|---|---|---|
| TXU 550955 | Road Runner (1992) | Style Guide |
| TXU 550964 | Speedy Gonzales (1992) | Style Guide |
| TXU 557335 | Tasmanian Devil (1992) | Style Guide |
| TXU 568671 | The Warner Brothers (1992) | Style Guide |

## EXHIBIT D

## WARNER BROS. TRADEMARKS

| Trademark Name | Registration No | Reg. Date |
|---|---|---|
| BUGS BUNNY | 950381 | January 9, 1973 |
| BUGS BUNNY | 2046053 | March 18, 1997 |
| DAFFY DUCK | 1998415 | September 3, 1996 |
| ELMER FUDD | 1997173 | August 27, 1996 |
| LOONEY TUNES | 1574797 | January 2, 1990 |
| PORKY PIG | 2062712 | May 20, 1997 |
| ROAD RUNNER | 2000037 | September 10, 1996 |
| TASMANIAN DEVIL | 2033589 | January 28, 1997 |
| TWEETY | 1997174 | August 27, 1996 |

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause. I am employed by a member of the Bar of the United States District Court of California. My business address is 517 East Wilson Avenue, Suite 202, Glendale, California 91206.

On May 13, 2010, I served on the interested parties in this action with the:

- FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT; TRADEMARK INFRINGEMENT; UNFAIR COMPETITION; TRADEMARK DILUTION; DECLARATORY RELIEF
- SUMMONS
- NOTICE OF INTERESTED PARTIES

for the following civil action:

### Sanrio, Inc., et al. v. Photallica Inc., et al.

by placing a true copy thereof in a sealed envelope. I am readily familiar with the office's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

| | |
|---|---|
| Photallica Inc. d/b/a Photallica a/k/a Photoallica a/k/a Photoallica 2 a/k/a Photallica II a/k/a Dhocallica 843 S. Longmore, 1060 Mesa, Arizona 85202 | Mohammed Sulfi a/k/a Mohammed Zulfi a/k/a Mohammad Zulfi a/k/a Faisal Mohammed Zulfi a/k/a Faisal Zulfi 843 S. Longmore, 1060, 106 Mesa, Arizona 85202 |
| Mohammed Yusoof a/k/a Mohammed Yosoof a/k/a Mohammad Yusoof a/k/a Muhammed Yusoof a/k/a Salim Yosoof a/k/a Salim Yusoof a/k/a Yousuf Salim 502 North Yucca Cir. Mesa, Arizona 85201-4540 | |

Place of Mailing: Glendale, California
Executed on May 13, 2010, at Glendale, California.

_____
Katrina Bartolome